UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD HILL,

                              Petitioner,

    v.                                                   9:10-cv-553

TIMOTHY COWIN, Commissioner,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Petitioner Ronald Hill was sentenced to a total of twenty-four months imprisonment, eighteen months of which was to be served concurrent to a state sentence and six month of which was to be served consecutive to the state sentence. Petitioner's state sentence terminated on February 4, 2010. Petitioner moves pursuant to 28 U.S.C. § 2241 claiming that he is being unlawfully held in prison beyond his release date because the Bureau of Prisons improperly calculated his Good Conduct Time ("GCT").

       According to the government,

> [the] sentence computation began by determining the 18 month portion of the federal sentence by counting backward from the New York State release date (February 5, 2010) and considering good conduct time credit. Under 18 U.S.C. § 3624(b), a sentence of 18 months earns 70 days of good conduct time. By commencing the 18 month concurrent portion of the federal sentence on October 16, 2008, the concurrent portion of his federal sentence ended on February 4, 2010, the day before the New York State release date. . . . The 6 month consecutive portion of Petitioner's federal sentence commenced on his state release date, February 5, 2010. The entire 24 months federal sentence commenced on October 16, 2008. Petitioner earned a total of 94 days good conduct time based on the entire 24 month sentence. This allows for a partially

>concurrent and partially consecutive sentence. . . . As the sentence was calculated to commence on October 16, 2008 (allowing the 18 month portion to be served during the completion of his New York state term of confinement), his sentence has been calculated as a 24 month sentence earning a total of 94 days good conduct time.  Based on the above, Petitioner's projected satisfaction date is July 13, 2010.

Johnson Aff. at ¶¶ 4-5.

Petitioner disputes this calculation and contends that BOP has arbitrarily and capriciously credited his GCT to the beginning of his sentence rather than the end as required by the statute and BOP policy.  For the following reasons, the Court finds that the government's calculation is contrary to the statute, its own policy statement and common sense.

Pursuant to 18 U.S.C. § 3642(a), "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)."  A prisoner can earn GCT "of up to 54 days at the end of each year of the prisoner's term of imprisonment."  18 U.S.C. § 3542(b)(1).  The plain language of the statute requires the total term of imprisonment to be calculated by: (1) determining the expiration of the prisoner's term of imprisonment; and then (2) subtracting from that any GCT.  See 18 U.S.C. § 3642(a).  As used in § 3642(a), the phrase "term of imprisonment" plainly refers to the sentence imposed.  See Barber v. Thomas, — S. Ct. —, 2010 WL 2243706 (June 7, 2010) (stating that the phrase "term of imprisonment" as used in § 3624(a) "refer[s] to the sentence that the judge impose[d].").  Here, the term of imprisonment was 24 months.  Using BOP's own calculation the federal term of imprisonment commenced eighteen months before February 4, 2010, the date Petitioner was released from state custody.[1]  This works out to be August

---

[1] This calculation figures that portion of the total sentence that was to be served concurrent to the state sentence.

- 2 -

5, 2008. Thus, the expiration of the term of imprisonment is twenty-four months later, which is August 5, 2010. The next step requires subtracting GCT. In this case, it is undisputed that Petitioner was entitled to the full amount of available GCT, which the government contends is 94 days.[2] Subtracting 94 days from August 5, 2010 gives us a release date of May 3, 2010.

Further, BOP policy provides that "[t]he release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence. The total amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of the year." BOP PS 5880.28 at p. 1-44. This policy statement is consistent with the statute and the above analysis and requires that the release date be determined "by subtracting the total amount of GCT awarded during the term of the sentence form the full term date of the sentence."

Moreover, the government's interpretation would appear to conflict with § 3624(b)(2) which provides that GTC "shall vest on the date the prisoner is released from custody." Here, the BOP has given Petitioner his GTC up front. Finally, the purpose of GCT is to give prisoners an incentive to comply with institutional disciplinary regulations. See 18 U.S.C. § 3624(b)(1) (allowing for the provision of GTC for each year that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations."). As a practical matter, the BOP's interpretation in this case gives a prisoner in Petitioner's position no benefit for complying with prison rules because, by crediting the majority of GTC up front, it will have little impact on his actual release date. As the Supreme Court recently asked,

---

[2] The actual calculation of GCT is irrelevant to the determination of the Petition.

"[w]hat happens if, say, . . . a prisoner badly misbehaves and prison officials punish him by taking away all of his previously earned credit?" Barber, 2010 WL 2243706, at * 11. In Petitioner's situation, because his credit was awarded up front to that portion of the sentence he was serving concurrent to the state sentence, it would make little to no difference to his actual release date.

Because Petitioner is being held beyond his release date, his Petition for a Writ of Habeas Corpus is GRANTED and Petitioner is entitled to immediate release from prison. IT IS SO ORDERED.

Dated: June 9, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge